UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHUBB UNDERWRITING AGENCIES LIMITED    *   CIVIL ACTION NO.
FOR AND ON BEHALF OF SYNDICATE NO. 2488    *
            *   SECTION
VERSUS                        *
            *`DIVISION
DAWN SERVICES, L.L.C.            *
        *     *     *     *     * IN ADMIRALTY-RULE 9(H)

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Chubb

Underwriting Agencies Limited for and on behalf of Syndicate No. 2488 ("CUAL" or "Plaintiff"),

who files this Complaint for Damages against Dawn Services, L.L.C., and, in support, respectfully

aver as follows:

## PARTIES

1.

Chubb Underwriting Agencies Limited for and on behalf of Syndicate No. 2488 is an entity

organized under the laws of England and Wales and is the managing agent of Lloyd's of London

Syndicate 2488 (the "Syndicate"). Chubb Capital Limited is also an entity organized under the

laws of England and Wales and is (and was at the time of the "Incident" as defined below in

Paragraph 6) the underwriting member of the Syndicate (the "Underwriting Member").  CUAL's

principal place of business is located in London, United Kingdom.

2.

Made Defendant herein is Dawn Services, L.L.C. ("Dawn"), which is now, and at all

relevant times hereto was, a Louisiana limited liability company authorized to do and actually

doing business within the State of Louisiana and which has purposefully availed itself of the

privileges of doing business within this State. Upon information and belief, Dawn's registered agent for service of process is John Charpentier, 851 MacArthur Avenue, Harvey, Louisiana 70058.

## JURISDICTION AND VENUE

3.

This Court has admiralty and maritime jurisdiction over these admiralty and maritime claims pursuant to 28 U.S.C. § 1333. This Court also has jurisdiction over this matter pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00. This Court also has original jurisdiction over these claims under the Outer Continental Shelf Lands Act. *See* 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2).

4.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within the jurisdictional district. Further, the parties' Master Vessel Time Charter calls for exclusive venue in the United States District Court for the Eastern District of Louisiana.

## FACTUAL AND PROCEDURAL BACKGROUND

5.

Derrick Barge THOR ("D/B THOR") is a 12,667-gross ton, 113m by 42m heavy-lift construction support vessel, delivered in 1997, flagged under the laws of Panama, and bearing the Official Vessel No. 2815608408.

6.

These claims arise out of an incident that occurred during the afternoon of October 28, 2020, when, as the eye of Hurricane Zeta approached Port Fourchon, the D/B THOR, with her tug, the M/V CROSBY ENDEAVOR hereto alleged to be owned by Crosby Tugs, L.L.C., coupled to her, broke away from the dock at the Martin Energy Services Dock No. 16 in the fast-moving storm surge and high winds. The D/B THOR sustained damages and allegedly came into contact with certain vessels and other property in and along Bayou Lafourche channel (hereafter the "Incident").

7.

The M/V CROSBY ENDEAVOR, Official No. 571494, is now, and at all relevant times hereto was, alleged to be owned and operated by Crosby Tugs, L.L.C. ("Crosby"), in whose Verified Complaint for Exoneration From or Limitation of Liability, Rec. Doc. 1, Civil Action No. 2:21-cv-00822 c/w 2:21-cv-00258, 2:21-cv-00337, 2:21-cv-00464, CUAL has filed or will be filing an Answer and Claim.

8.

Upon information and belief, in the days leading up to the Incident, Crosby chartered the M/V CROSBY ENDEAVOR to Dawn, who in turn arranged to have the M/V CROSBY ENDEAVOR assist the D/B THOR pursuant to a Master Vessel Time Charter (hereafter the "Charter") entered into by and between Dawn and Shore Offshore Services, LLC ("Shore") on June 9, 2017.

9.

Pursuant to the Charter, Dawn expressly warranted to Shore, *inter alia*, that:

a.   Dawn would provide a vessel that would be properly equipped and in every respect fit the intended purpose and in good operating condition and repair;

b.   Dawn would exercise due diligence to maintain the vessel in a seaworthy and good operating condition; and

c.   The vessel provided by Dawn would be crewed by experienced seamen.

10.

The unseaworthiness of the M/V CROSBY ENDEAVOR, the negligence of the crew of the M/V CROSBY ENDEAVOR, and the negligence of Crosby and/or Dawn, is established by, but not limited to, the following: the failure of the M/V CROSBY ENDEAVOR to adequately push the D/B THOR against the dock so as to relieve the tension and strain on the D/B THOR's mooring lines, or otherwise assist the D/B THOR to prevent the breakaway; the failure of the M/V CROSBY ENDEAVOR to properly assist the D/B THOR prior to and during the Incident; the failure of the M/V CROSBY ENDEAVOR to exercise due diligence and maintain the vessel and crew in a seaworthy condition; the failure to equip the M/V CROSBY ENDEAVOR with competent and an adequately trained crew; the failure of the M/V CROSBY ENDEAVOR to take all reasonable efforts to maintain, assist, and save the D/B THOR; the failure of the M/V CROSBY ENDEAVOR to maintain care, custody, and control of the D/B THOR following the breakaway to prevent the D/B THOR from colliding/alliding with any other objects and/or prevent alleged personal injuries; and the negligence of one or more persons for whom Dawn is responsible.

11.

Pursuant to the Charter, Shore is entitled to recover from Dawn "all reasonable costs, charges, expenses, and attorneys' fees reasonably expended or incurred" in enforcing the Charter.

12.

As a result of the Incident, which was caused or contributed to by Dawn's and/or the Crosby Endeavor's negligence and/or fault in breach of its duties, the D/B THOR sustained significant physical damage.

13.

Claimant, CUAL, at all material times issued Marine Hull Insurance UMR Ref. B0507RH2000038 to named insureds, MARS and Shore, for the policy period April 1, 2020 to June 1, 2021 (hereinafter, the "Chubb Policy") providing Hull & Machinery coverage subject to the terms and conditions therein to the D/B THOR.

14.

As a result of the Incident, the D/B THOR made a claim or insurance coverage under the Chubb Policy for damages, including physical damage to the vessel (the "Claim").

15.

In response to the Claim and pursuant to the Chubb Policy, Claimant, CUAL , has paid its insureds, Modern American Railroad Services, L.L.C. ("MARS")  and Shore Offshore Services, LLC ("Shore"),  for the physical damage to the D/B THOR and is therefore subrogated to and against Dawn to the extent of all payments made for such damage. Dawn is therefore liable to CUAL for the damages caused to the D/B THOR and paid by CUAL under the Chubb Policy to or on behalf of MARS and/or Shore, including but not limited to: costs to repair the D/B THOR, survey fees, yard and drydocking costs, towing fees, and any other costs or damages as may be proven at trial.

## COUNT 1: BREACH OF CONTRACT BY DAWN SERVICES, L.L.C.

16.

Paragraphs 1-15 of this Complaint are incorporated herein by reference as if restated herein *in extenso*.

17.

The Incident was caused or contributed to by Dawn's breach of the Charter for the reasons stated in Paragraph 9 and others that may be discovered in litigation and proven at trial.

18.

As a result of the Incident, which was caused or contributed to by Dawn's breach of the Charter, the D/B THOR sustained significant physical damage, which MARS has repaired at its and/or CUAL's cost. Dawn is therefore liable to CUAL for the damages caused to the D/B THOR and paid by CUAL to or on behalf of MARS and/or Shore pursuant to UMR Ref. B0507RH2000038, including but not limited to: costs to repair the D/B THOR, survey fees, yard and drydocking costs, towing fees, and any other costs or damages as may be proven at trial.

## COUNT 2: CONTRACTUAL INDEMNITY FOR DAMAGES TO D/B THOR

19.

Paragraphs 1-18 of this Complaint are incorporated herein by reference as if restated herein *in extenso*.

20.

Further pursuant to the Charter, Dawn agreed to indemnify Shore for damage to Shore's group's property caused by the negligence of Dawn or of any member of Dawn's group or by the unseaworthiness of the chartered vessel, here, the M/V CROSBY ENDEAVOR. As set forth

above, MARS is the owner of the D/B THOR; and MARS is a member of Shore's group as such is defined under the Charter.

21.

For purposes of the Charter as it applied here, Crosby was a member of Dawn's group as such is defined in the Charter.

22.

The Incident was caused or contributed to by Dawn's negligence or by the negligence of Crosby or by the unseaworthiness of the M/V CROSBY ENDEAVOR, as set forth in Paragraph 12 of this Complaint.

23.

As a result of the Incident, which was caused or contributed to by Dawn's negligence or by the negligence of Crosby or by the unseaworthiness of the M/V CROSBY ENDEAVOR, the D/B THOR sustained significant physical damage, which MARS has repaired at its and/or CUAL's cost. Dawn is therefore liable for the amounts paid by CUAL to MARS and Shore or on their behalf, including but not limited to: costs to repair the D/B THOR, survey fees, yard and drydocking costs, towing fees, and any other costs or damages as may be proven at trial.

**COUNT 3: NEGLIGENCE AND/OR FAULT OF DAWN SERVICES, L.L.C., FOR DAMAGES TO THE D/B THOR**

24.

Paragraphs 1-23 of the Complaint are incorporated herein by reference as if restated herein *in extenso*.

25.

On February 25, 2021, Shore made an amicable demand upon Dawn for defense, indemnity, and additional insured coverage, pursuant to the terms of the Charter, which amicable

-7-

demand was denied on the grounds that the Charter did not apply to the services provided by Dawn to MARS and/or Shore that underlie MARS and Shore's claims to wit.

26.

Accordingly, should this Court find that the Charter does not apply, which Plaintiff expressly denies, then Dawn is liable to MARS and Shore for any physical damages sustained by the D/B THOR as a result of the Incident on account of Dawn's negligence and/or fault and in breaching duties owed to MARS and Shore, including, but not limited to, providing Shore with an unseaworthy and incompetent vessel.

27.

Dawn is therefore liable for the damages caused the D/B THOR, in connection with the repair of the D/B THOR, including but not limited to: physical damages, costs to repair the D/B THOR, survey fees, yard and drydocking costs, towing fees, and any other costs or damages as may be proven at trial.

28.

Claimant, CUAL, at all material times issued Marine Hull Insurance UMR Ref. B0507RH2000038 to named insureds, MARS and Shore, for the policy period April 1, 2020 to June 1, 2021 (hereinafter, the "Chubb Policy") providing Hull & Machinery coverage subject to the terms and conditions therein to the D/B THOR.

29.

As a result of the Incident, MARS and Shore made a claim or insurance coverage under the Chubb Policy for damages, including physical damage, to the D/B THOR (the "Claim").

-8-

30.

In response to the Claim and pursuant to the Chubb Policy, Claimant, Chubb, has paid its insureds, MARS and Shore, for the physical damage to the D/B THOR and is therefore subrogated to and against Dawn to the extent of all payments made for such damage. Dawn is therefore liable to CUAL for the damages caused to the D/B THOR and paid by CUAL under the Chubb Policy to or on behalf of MARS and/or Shore, including but not limited to: costs to repair the D/B THOR, survey fees, yard and drydocking costs, towing fees, and any other costs or damages as may be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, the premises considered, Plaintiff, Chubb Underwriting Agencies Limtied for an don behalf of Syndicate No. 2488, prays that this Complaint for Damages be deemed good and sufficient, and that after due proceedings are had, there be judgment in favor of CUAL and against Defendant, Dawn Services, L.L.C., in the following respects:

(1) Finding that Dawn Services, L.L.C., has breached its Master Vessel Time Charter with Shore Offshore Services, LLC, in failing to provide a seaworthy vessel and a competent crew, and is liable for the damages sustained by the D/B THOR caused or contributed to by that breach;

(2) Finding that Dawn Services, L.L.C., has breached its Master Vessel Time Charter with Shore Offshore Services, LLC, for the negligence of Dawn Services, L.L.C., and for the negligence of members of the group of Dawn Services, L.L.C., as defined in the Master Vessel Time Charter, and for the unseaworthiness of the M/V CROSBY ENDEAVOR, and awarding contractual indemnity to Modern American Railroad

Services, L.L.C., and Shore Offshore Services, LLC, for damages sustained by the D/B

THOR caused or contributed to by that breach;

(3) Finding that Dawn Services, L.L.C., was negligent and/or at fault in failing to provide

Modern American Railroad Services, L.L.C., and Shore Offshore Services, LLC, with

a seaworthy vessel and a competent crew, and is liable to Modern American Railroad

Services, L.L.C., and Shore Offshore Services, LLC, for the damages sustained by the

D/B THOR and for other resulting damages caused or contributed to by that negligence

and/or fault; and

(4) Awarding Chubb Underwriting Agencies Limited for and on behalf of Syndicate No.

2488, for all amounts paid to MARS and Shore and/or their behalf pursuant to UMR

Ref. B0507RH2000038 for damages sustained to the D/B THOR and for other resulting

damages caused or contributed to by any such breach and/or negligence, all other relief

that is just and proper as the cause may require.

Respectfully submitted:


*/s/ Leah N. Engelhardt*
Leah N. Engelhardt (#23232)
Jon W. Wise (#02192)
**CHAFFE MCCALL, LLP**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Tel.: (504) 585-7080
Fax: (504) 585-70
E-Mail: engelhardt@chaffe.com
wise@chaffe.com

**ATTORNEYS FOR CHUBB
UNDERWRITING AGENCIES LIMITED
FOR AND ON BEHALF OF SYNDICATE
NO. 2488**